RECEIVED

AUG - 6 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| WHITNEY NATIONAL BANK | CIVIL ACTION NO. 09-0059 |
| VERSUS | JUDGE DOHERTY |
| WILLIAM H. BOYLSTON | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the Motion to Strike Request for Jury Trial [contained in both Docs. 13 & 35] filed by plaintiff and defendant-in-counterclaim Whitney National Bank ("Whitney"). The motion is opposed by defendant and plaintiff-in-counterclaim, William H. Boylston ("Dr. Boylston"). In the instant motion, Whitney moves the Court to strike, from Dr. Boylston's Counterclaim, the demand for jury trial as requested by Dr. Boylston.

Also pending are the following motions: (1) Whitney's Motion for Leave to File Brief in Response to Dr. Boylston's Court-Ordered Supplemental Memorandum in Opposition to Motion to Strike Jury Trial [Doc. 43]; (2) Whitney's Motion for Leave to File Exhibits Under Seal [Doc. 44]; (3) Dr. Boylston's Motion to Strike Whitney's Motion for Leave to File Brief in Response and Motion for Leave to File Exhibits Under Seal [Doc. 46]. Whitney has filed a response brief to Dr. Boylston's Motion to Strike [Doc. 49].

For the following reasons, Whitney's Motion to Strike Dr. Boylston's Request for Jury Trial is DENIED at this time. Additionally, Whitney's Motion for Leave to File Brief in Response to Dr. Boylston's Court-Ordered Supplemental Memorandum in Opposition to Motion to Strike Jury Trial

[Doc. 43], as well as Whitney's Motion for Leave to File Exhibits Under Seal [Doc. 44] are DENIED. Accordingly, Dr. Boylston's Motion to Strike [Doc. 46] is DENIED AS MOOT, all for the reasons set forth hereinbelow.

## I.  Factual and Procedural Background

The factual and procedural background have been set forth in considerable detail in previous rulings issued by this Court and will not be set forth again in this ruling. Only those facts not previously discussed and applicable to Whitney's motion to strike the jury trial will be recited herein.

In his original and amended Answer and Counterclaim to Whitney's main demand, Dr. Boylston asserts a demand for a jury trial.[1] Whitney seeks to strike Dr. Boylston's request for a jury trial on grounds the Promissory Note executed by Dr. Boylston contains an express waiver of jury trial. The Promissory Note signed by Dr. Boylston on September 7, 2007 contains a provision that states:

> **WAIVE JURY. BORROWER AND LENDER HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY EITHER BORROWER OR LENDER AGAINST THE OTHER.**

Whitney cites this Court to a district court opinion from the Eastern District of Louisiana, *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 56 F.Supp.2d 694, 706-07 (E.D. La.1999), in which the district court set forth a concise statement of the law with respect to waiver of the right to jury trial in contracts, particularly loan documents such as the loan document at issue in this case. As the Court in *Westside-Marrero Jeep Eagle, Inc.* explained:

> The Seventh Amendment preserves a right to a jury trial on issues of fact in suits for breach of contract damages between private party litigants. *See Northern Pipeline Constr. Co. v. Marathon Pipe Line*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598

---

[1] *See* Doc 33, ¶56, Amended and Restated Answer and Counterclaim Filed by Dr. William H. Boylston.

2

(1982). The Supreme Court, however, has long recognized that a private litigant may waive its right to a jury in civil cases. Waiver can be either express or implied. *Commodity Futures Trading Comm. v. Schor*, 478 U.S. 833, 848, 106 S.Ct. 3245, 3255, 92 L.Ed.2d 675 (1986); *see also D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) (contractual waiver of due process rights). Waiver requires only that the party waiving such right do so "voluntarily" and "knowingly" based on the facts of the case. *D.H. Overmyer*, 405 U.S. at 185-86, 92 S.Ct. at 782; *Brookhart v. Janis*, 384 U.S. 1, 4, 5, 86 S.Ct. 1245, 1246, 1247, 16 L.Ed.2d 314 (1966). The acceptance of contract provisions providing for dispute resolution in a forum where there is no entitlement to a jury trial may satisfy the "voluntary" and "knowing" standard. *See, e.g., Northwest Airlines, Inc. v. Air Line Pilots Ass'n Int'l*, 373 F.2d 136, 142 (8th Cir.) *cert. denied*, 389 U.S. 827, 88 S.Ct. 77, 19 L.Ed.2d 83 (1967). Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy. *McCarthy v. Wynne*, 126 F.2d 620, 623 (10th Cir.), *cert. denied*, 317 U.S. 640, 63 S.Ct. 31, 87 L.Ed. 515 (1942); *see also Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir.1986) (right to jury trial, although fundamental, may be knowingly and intentionally waived by contract); *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir.1985) (considering it "clear that the parties to a contract may by prior written agreement waive the right to jury trial"). Nevertheless, jury trial waivers are common in loan agreements and loan guarantees, and these are regularly enforced. *See, e.g., National Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 667-8 (S.D.N.Y.1991), *aff'd sub nom. Yaeger v. National Westminster*, 962 F.2d 1 (2d Cir.1992); *Oei v. Citibank, N.A.*, 957 F.Supp. 492 (S.D.N.Y.1997); *Cooperative Finance Assoc. v. Garst*, 871 F.Supp. 1168, 1171 (N.D.Iowa 1995); *Connecticut Nat'l Bank v. Smith*, 826 F.Supp. 57, 59 (D.R.I.1993); *Okura & Co. v. Careau Group*, 783 F.Supp. 482, 488 (C.D.Cal.1991); *In re *707 Reggie Packing Co.*, 671 F.Supp. 571, 574 (N.D.Ill.1987).

56 F.Supp.2d at 706-07.

The district court in *Westside-Marrero Jeep Eagle, Inc.* noted the Fifth Circuit has not determined whether the movant or the opposing party bears the burden of proving a contractual waiver of the right to a jury trial.[2] In determining whether a waiver was made "knowingly and voluntarily," courts consider several factors: (1) whether the contract was negotiable, (2) the conspicuousness of the provision, (3) the relative bargaining power of the parties, (4) whether the

---

[2] Other circuits are split on this question. *Compare Leasing Serv. Corp.*, 804 F.2d at 833 (4th Cir. 1986) (burden is on party seeking enforcement of waiver provision) and *National Equipment Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2nd Cir. 1977) (same) with *K.M.C. Co.*, 757 F.2d at 755 (6th Cir. 1985) (burden is on party seeking invalidation of waiver provision). *See Westside-Marrero Jeep Eagle, Inc.*, 56 F. Supp.2d at 707.

3

waiving party was represented by counsel, and (5) the business acumen of the party opposing the waiver. *Westside-Marrero Jeep Eagle, Inc.*, 56 F.Supp.2d at 707, *citing Whirlpool Financial Corp. v. Sevaux*, 866 F.Supp. 1102, 1105 (N.D.Ill.1994); *Morgan Guaranty Trust Co. of New York v. Crane*, 36 F.Supp.2d 602, 604 (S.D.N.Y.1999).

In the instant case, Whitney analyzed each of the foregoing factors in its original motion to strike, noting why the factors favor this Court's finding that Dr. Boylston waived his right to a jury trial in this matter. Specifically, in its original motion, with respect to the factor addressing the business acumen of the party opposing the waiver, Whitney alleged:

> It should be noted that at this stage of the proceeding, there has not been any discovery by either party that would allow Whitney to determine the extent of Boylston's business experience or experience with loan agreements from banks. Thus, to the extent Boylston may present an affidavit or other evidence to support a claim that he is not "sophisticated" in regards to business and/or lending transactions, then Whitney reserves the right to test such claim by way of discovery, including deposition of Boylston.[3]

In response, Dr. Boylston originally did not argue the application of the facts of this case to any relevant factor as set forth above, but rather, argued because he has alleged his consent to the Promissory Note was vitiated by duress, fraud and misrepresentation, then the entirety of the Promissory Note is null and fails for lack of consent, including all its terms and conditions, which includes the provision for waiver of jury trial. Dr. Boylston originally contended it would be patently unfair to hold at this juncture that he has waived his right to a trial by jury based on a provision contained in the Promissory Note when he is challenging the validity of the entirety of the Promissory Note. Ergo, Dr. Boylston initially argued the motion to strike the request for a jury trial is premature.

---

[3] Whitney's Motion to Strike Answer to Complaint, Counterclaim, Doc. 13, p. 9.

4

After consideration of the arguments of the parties, this Court ordered Dr. Boylston to submit a response to Whitney's argument as to the factors discussed in *Westside-Marrero Jeep Eagle, Inc.* within ten days, or the Court would deem that argument waived by Dr. Boylston. The Court noted that upon receipt of Dr. Boylston's response, the Court would consider its procedural options, including the possibility the Court would consider trying the case to an advisory jury.

On July 2, 2009, Dr. Boylston filed his supplemental memorandum addressing each of the *Westside-Marrero Jeep Eagle, Inc.* factors, as required by this Court [Doc. 40]. In his brief, Dr. Boylston contends the Promissory Note in which the jury trial waiver is found was not negotiable, but rather, the contract was a standard, boilerplate contract in which no provision was negotiated; the particular waiver provision was not conspicuous; the relative bargaining power of the parties was equal, that is, the loan in question was presented to Dr. Boylston as a "take it or leave it" proposition, and Whitney – the party with the burden on this issue – has come forward with no evidence Dr. Boylston had equal bargaining power with the bank; Dr. Boylston was not represented by counsel during the loan transaction; and Dr. Boylston, a medical doctor by profession, demonstrates a marked lack of business acumen and sophistication. Furthermore, Dr. Boylston alleges in his response "it is almost a certainty that Whitney would not have made the loan if it had not been for the machinations and fraud of Mr. Breaux," and the tone of the brief suggests "there was no sound banking reason for Whitney to loan $250,000" to Dr. Boylston absent Whitney's fraud. Additionally, Dr. Boylston cites this Court to the Northern District of Illinois's decision in *Whirlpool Finance Corp. v. Sevaux*, 866 F.Supp. 1102, 1105 (N.D. Ill. 1994) – cited by the Eastern District court in *Westside-Marrero Jeep Eagle, Inc.* – in which the court found a jury trial waiver was invalid for reasons similar to those present in the instant case.

On July 10, 2009, Whitney filed its Motion for Leave to File Brief in Response to Dr. Boylston's Court-Ordered Supplemental Memorandum in Opposition to Motion to Strike Jury Trial [Doc. 43] and Motion for Leave to File Exhibits Under Seal [Doc. 44]. The gist of Whitney's filings is that with respect to the factors addressing negotiability of the contract, relative bargaining power of the parties, and Dr. Boylston's business acumen, Dr. Boylston's arguments focus primarily on his fraud claims and his lack of sophistication. Whitney contends Dr. Boylston's arguments have the potential to be misleading to the Court. Therefore, Whitney seeks to introduce sealed evidence demonstrating (1) Dr. Boylston is well-educated and sophisticated, and (2) the evidence in this case does not support Dr. Boylston's fraud claim. This Court has not reviewed the proferred sealed evidence.

In response, Dr. Boylston filed a Motion to Strike Whitney's Motion for Leave to File Brief in Response and Motion for Leave to File Exhibits Under Seal [Doc. 46] on grounds the documents submitted by Whitney are inappropriate at this juncture of the litigation, considering, *inter alia*, no discovery has taken place in this case yet, and Whitney's documents and arguments go far beyond the scope of the limited inquiry posed by the Court when it ordered Dr. Boylston to file a supplemental memorandum addressing the *Westside-Marrero Jeep Eagle, Inc.* factors.

Whitney filed a response brief to Dr. Boylston's Motion to Strike [Doc. 49], arguing Dr. Boylston's motion to strike is improper because it contains no rule or standard by which this Court should analyze the motion. Additionally, Whitney again avers this Court can defer ruling on the jury trial issue until discovery has been conducted and the parties can present a more complete picture of the evidentiary landscape.

### III. Analysis and Discussion

This Court notes Whitney filed the instant motion to strike jury demand and, therein, argued the *Westside-Marrero Jeep Eagle, Inc.* factors. Therefore, Whitney knew and could have argued (and, indeed, *did* argue) those factors in its own brief. This Court ordered Dr. Boylston to file *his* brief addressing the *Westside-Marrero Jeep Eagle, Inc.* factors, and Dr. Boylston timely complied on July 2, 2009. Any response to be filed by Whitney at that point could only be by way of a reply brief filed in this Court, which can only be filed *with leave of Court*. This Court notes two of Whitney's three filings – the Motion for Leave to File Brief in Response to Dr. Boylston's Court-Ordered Supplemental Memorandum in Opposition to Motion to Strike Jury Trial [Doc. 43] and the Motion for Leave to File Exhibits Under Seal [Doc. 44] – properly requested leave of Court.

Whitney has had an opportunity to address the *Westside-Marrero Jeep Eagle, Inc.* factors. Moreover, Whitney is well aware Dr. Boylston is arguing his lack of sophistication as a core component of his counterclaim for fraud, as is evidenced by Whitney's reservation of its right to "test such claim by way of discovery, including deposition of Boylston." All parties in this matter will, of course, be permitted to take discovery on all matters relevant to the claims and defenses raised by the parties on both the main demand and the counterclaim. However, factual and/or other evidentiary information favoring and/or presented by one party was not sought by this Court in connection with the briefing requested of Dr. Boylston on the *Westside-Marrero Jeep Eagle, Inc.* factors. Consequently, Whitney's Motion for Leave to File Brief in Response to Dr. Boylston's Court-Ordered Supplemental Memorandum in Opposition to Motion to Strike Jury Trial [Doc. 43] and the Motion for Leave to File Exhibits Under Seal [Doc. 44] are DENIED, as Whitney's proferred evidence and argument go beyond the scope of the limited inquiry sought by this Court at the time

it ordered the supplemental brief from Dr. Boylston.

Consequently, Dr. Boylston's Motion to Strike [Doc. 49] is DENIED AS MOOT.

With respect to Whitney's Motion to Strike Request for Jury Trial [contained in both Docs. 13 & 35], this Court concludes there are questions of material fact concerning three of the factors contained in *Westside-Marrero Jeep Eagle, Inc.*, that is, the negotiability of the contract, the relative bargaining power of the parties, and Dr. Boylston's business acumen.[4] Indeed, the same facts and evidence that will be used to prove up these factors go to the merits of Dr. Boylston's fraud claim. As discovery has not begun in this case, the Court cannot make a determination on these factors – and hence, the jury trial issue – at this time.

Considering the foregoing, IT IS ORDERED that Whitney's Motion to Strike Request for Jury Trial [contained in both Docs. 13 & 35] is DENIED. However, as this is a matter that must be addressed prior to trial, this Court will in all likelihood try this case with an advisory jury and make a final determination as to all issues once the Court has heard all of the evidence, a final determination to be made at the pre-trial conf.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _5_ day of August, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4] With respect to the remaining factors, there do not appear to be genuine issues of material fact. The first factor – whether Dr. Boylston was represented by counsel during the loan transaction – does not appear to be disputed (he was not). The last factor – the conspicuousness of the waiver provision – can be decided by the Court. The waiver provision in this case, although it appeared in all caps (and is, therefore, in a larger font than other language found in the Note), was in the same font as other headings contained in the Note. Thus, at first glance, it does not appear to this Court the provision was abundantly conspicuous, however, the Court makes no finding on this point at this time.